Ueadeíiick, J.,
delivered the opinion of the court.
In April, 1870, C. C. Mayhew, as administrator of G. A. Conn, and in his own right, sued plaintiff in error in the Circuit Court of Hamilton county, upon a bond alleged to have been executed by said Taylor and A. B. Coleman, for the payment to said G. A. Conn and C. C. Mayhew of $300. Taylor pleaded non est factum. He subsequently pleaded, by •leave of the court—
1. That the bond was given for the hire of two negroes, said' by plaintiffs to be slaves at the time of making the contract, February 5, 1863; that the bond was executed in the State of Georgia, that at ’the time of the commencement of this suit (April, 1870), by the Constitution and laws of Georgia said contract is null and void. ■
2. That the negroes were diseased and unable to perform manual labor, and this fact was known to and concealed by plaintiffs, and therefore the consideration for which said bond was executed has failed.
3. That the said negroes were freed the first of January, 18.63, by the proclamation of Abraham Lincoln,' then President of the United States.
On motion of defendants the first and third pleas were stricken out, and this is assigned as error. There was no error in this. The first plea does not aver "that the contract was not binding at the time it was made, and if so no subsequent ' amendment of the 'Constitution of Georgia, or legislation, could impair its obligation.
*598 The third plea has been repeatedly held insufficient in like cases, as the President had no power to free the slaves in the southern States by his proclamation.
Plaintiff C. C. Mayhew’s deposition was read. The record shows that objection was made to the reading of. the deposition of C. C. Mayhew, but the court overruled the objection, and the deposition was read to the jury.
Mayhew was plaintiff in his own right, being one of the obligees in the bond, as well as the administrator of Conn, the other obligee, and brought the suit for himself and as administrator. The obligation was to pay him and Conn the sum of three hundred dollars, and the action having been brought in his. own right, and as administrator, judgment might have-been rendered for or against him as administrator of Conn, and under the modification of the statute removing incompetency to become a witness by reason of . being a party to the suit, or interested in the result of it, we are of opinion that Mayhew was incompetent to testify as to any transaction with . or statement by intestate. Tenn. Stat., sec. 3813a.
But it is argued that the objection taken to the-deposition of Mayhew was not sufficiently specific, and that a general objection on the trial to the deposition, without specifying the causes of objection,'will not authorize the court to reject the deposition. If objection is taken on the trial because of irrelevancy of particular parts of the deposition, the grounds of the-objection must be specified, and the particular parts excepted to and pointed out. So if a deposition con- *599 lain matter competent and incompetent, the objection) must specify the parts of the deposition excepted to. A general objection to the reading of the deposition, will not be sufficient to exclude it. 2 Head, 121. But if the objection go to the competency of the witness to testify in the cause the rule is different. Then-a general objection wll be sufficient to exclude the deposition. 1 Swan, 336.
Now by the provisions of secs. 3868, 3869, all exceptions to depositions for want of notice, because not filed in a reasonable time, or for other causes going to the admissibility thereof, except objections to the competency of the witness, or his evidence shall be made and disposed of by reference to the clerk before the commencement of the trial, .otherwise they will be-considered as waived.
The deposition of Mayhew shows upon its face that he is the plaintiff in the cause, and the original summons shows that he brings the suit as administrator of Conn as well as in his own right, and he testifies of a transaction with and statements made by intestate. We are of opinion, therefore, that the deposition ought to have "been excluded by the court. The verdict and judgment were for the plaintiff.
Eor the error in admitting the deposition of May-hew, we reverse the judgment and remand the cause for a new trial.